No. 8271

COURT OF APPEAL

PARISH OF ORLEANS

AMERICAN MANUFACTURING COMPANY

versus

**8271** JACOBS & LANDRY ET ALS.

Court of Appeal
Parish of Orleans

June 5,

Dinkelspiel; J.

Plaintiff institutes this suit against the defendants, averring that he is entitled to recover the sum of $852.30, with interest and costs, for this to wit:

That plaintiff sold and delivered the sash doors, blinds and house finishing materials described in the bill annexed to its petition, to one Charles Pfister; that Pfister used the articles referred to, in the construction and remodelling of a theatre at Leontine and Prytania Streets in this city; that said Pfister contracted with Jacobs and Landry for the repair and reconstruction of property owned by Mrs. Emma Gilmore; that Mrs. Gilmore has elected to take over the buildings as remodeled and reconstructed. That Jacobs and Landry did not record the contract it had made with Pfister in the Mortgage Office for the Parish of Orleans, nor did it require Pfister to furnish bond to guarantee payment for the labor and material used in the remodelling of the buildings above described; that plaintiff caused its account for materials described, to be sworn to and recorded in the mortgage office, serving a copy thereof on Jacobs and Landry and Mrs. Emma A. Gilmore. Hence prayed for judgment against all parties with recognition of its lien and privilege.

Defendants filed exceptions to plaintiff's demand because of a misjoinder of parties, because the petition was vague and indefinite and because it disclosed no right or cause of action. These exceptions were overruled. Subsequently defendant answered denying the allegations made by plaintiff in its petition, averred that it had contracted with Charles Pfister to remodell the buildings described in plaintiff's petition. That Jacobs & Landry were lessees of Mrs. Emma Gilmore, under a written lease, with the right to remodel and reconstruct the building thereon, of which Mrs. Gilmore was to become the owner. That Pfister had an open account with plaintiff, made payments thereon from time to time but which were not credited thereto; subsequently Pfister

526

failed, plaintiff separated the account, imputed the payments
to other accounts and gave no credit to defendants account.
Wherefore they prayed that plaintiff's suit be dismissed.

Subsequently plaintiff filed a plea of estoppel
against defendants based on their conduct by their silence
after examining plaintiff's books and not advising it of
payments made by defendants to Pfister; hence, permitting
plaintiff to adjust all other Pfister contracts and ac-
counts with his sureties under the belief that defendants
owed Pfister the full contract price for their work.

An examination of the testimony in this case shows
that Jacobs and Landry contracted with Pfister to remodel
and convert the buildings leased, into a theatre for the
sum of Three Thousand Dollars; the contract between Jacobs
& Landry and Pfister, the was not recorded in the mortgage
office, nor was Pfister, the contractor, required to fur-
nish security as the laws requires, to guarantee payment
for material and labor used in the remodelling of the
buildings into a theatre; Pfister began work on the build-
ings, ordered the articles described which were manufac-
tured for and delivered to him, used by him in the con-
verting of the buildings on the property heretofore de-
scribed.

Jacobs and Landry paid to Pfister, the amount
of his contracts in six installments, of Five Hundred
Dollars each, by checks found in the record: Pfister
had several contracts under way while doing the work
for Jacobs and Landry; kept a bank account, deposited
the checks of Jacobs & Landry and when collected these
collections were mingled with other funds on deposit.

During the progress of contracts Pfister had
with other persons than Jacobs and Landry, he paid
monies by cash and check and so doing, the evidence sat-
isfies us that he was required by plaintiff to designate
the contracts that he wanted credited with monies paid.
Plaintiff kept a ledger, also an order book, in which all

527

orders were entered and given a number by which they were identified; these orders were delivered and the total amount of the orders orders were debited to Pfister on the ledger account under the number given it in the order book. Payments were made by Pfister and were credited to the particular order or contract designated either on Pfister's check or on the receipts given him for monies paid. When Pfister failed to pay, plaintiff caused its account to be attested, recorded in the mortgage office and due notice was served on Jacobs and Landry, and Mrs. Gilmore. Plaintiff further adjusted the Pfister accounts for his other contracts, except one with the surities on bond furnished by Pfister; and the first information that plaintiffs had that Jacobs and Landry had paid Pfister the amount which due on their contract, was given to them when this suit was brought. Defendants do not deny that the materials charged were purchased by Pfister from plaintiff; in order neither do they dispute the prices charged, nor do they deny that the material charged for was actually used in the converting of the buildings on the property in question.

Pfister makes no defense.

The questions for determination presented are first, did Pfister pay plaintiffs monies and direct Jacobs and Landry work be credited with the monies paid them? and were the items of account separated and the monies paid credited to other contracts, leaving the whole amount due on the Jacobs and Landry work and the liability of Mrs. Emma M. Gilmore for the materials used in the conversion of the buildings on the leased ground into a theatre? The testimony shows that each order for material as it was given was recorded in order book together with the location of the buildings to which delivery was made to have have been made and given a number, and subsequently aft when the order was executed and after the delivery, it was entered into the ledger under

identical number given in the order book. The evidence further shows that Pfister made sue several payments to plaintiff on account of his contracts and that he did not designate or instruct plaintiff to credit any of the payments made by him, to the isfxmix orders for material deliverd to defendants' theatre. Therefore it is shown that whatever payments Pfister made were applied to the credit and liquidation of the amount due on the contracts to which Pfister directed plaintiffs to give credit for the payment; and this Pfister had a right to do. The evidence also shows that after one of the defendents examined Pfister's account at plaintiff's establishment and seen that no payments had been made on account of their work and discussed the matter with the Manager, nothing further was said by Mr. Landry one way or the other. Defendants desire to make it appear that part of the monies paid plaintiffs by Pfister, were monies that they had paid Pfister; txxxmx The checks received were always deposited for collection and the actually cash was generally used by him to pay his workmen and laborers.

Article 3185/provides: Privilege can be claimed
C. C.
only for those debts to which it is expressly granted in this Code.

There being no contractural relationship between Mrs. Gilmore and plaintiff, and considering that only at the expiration of the lease sha would the improvements revert to her and Article 3249 R. C. C. specifically xxxxx provides:

"Privilege on Building and Lot. The above named parties shall have a lien and privilege upon the building, improvement or other work erected, and upon the lot of ground not exceeding one acre, upon which the building, improvement or other work shall be erected; provided, that such got of ground belongs to the persons having such building, improvement or other work txxsxnxxd erected; and if

529

such building, improvements or other work is caused to be erected by a lessee of the lot of ground, in that case the privilege shall exist only against the lease and shall not effect the owner."

Conroy vs. Pineville Oil Co. 143 La. 883-4.

Eureka Homestead Society vs. Widow Gregson, 13th Court of Appeal, 234.

Our Supreme Court in the recent case of Grand Lodge Benevolent Knights of America versus Murphy Construction Company and others, being No. 23547, not yet reported, held:

"Art. 2163; the debtor of several debts has the right to direct xxxxx when he makes a payment what debt he means to discharge."

Citing numerous authorities.

In the same case the Court held: "quoting from in re Mrs. Julia Compagno, 7443 of the Court of Appeal, where this Court held: A creditor of several claims against the same debtor xxxx all matured, receiving payment from his debtor must, in the absence of the consent of the debtor impute the payment so made to the debt secured by privilege or by a surety in preference to one not so secured, but the debtor and his surety may enforce this imputation. And again, "in the case before us no imputation has been made by the debtor and it does not appear that he consented to the imputation made by the creditor or that the creditor had informed him of the imputation he had made or that he was aware of it and therefore the debtor and his surety have a right to demand the imputation provided by law.

An examination of the authorities cited and those that we have herein furnished, conclusively establishesxthat establishes that there were no contractural relationship between Mrs. Gilmore and plaintiff, and therefore the judgment against her must be annulled.

But, as to the contractor and the lessees, Messrs.

Jacobs and Landry, we are satisfied they are liable individually and in solido for the amount of plaintiff's claim, and the judgment as against them is correct.

For the reasons assigned, it is therefore ordered, adjudged and decreed, that the judgment rendered by the Court a-quo against Mrs. Emma M. Gilmore be annulled and avoided , and the judgment rendered against Charles Pfister, and Jacobs & Landry, a commercial firm, composed of M. H. Jacobs and George R. Landry, are affirmed, the said Charles Pfister, M. H. Jacobs and George R. Landry, individually and in solido, to pay all costs of both Courts.

—Judgment amended and affirmed—